UNITED STATES DISTRICT COURT                                      C/M
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                          :
RAFAEL COSME,                                             :      **MEMORANDUM**
                                                          :      **DECISION AND ORDER**
                          Petitioner,                     :
                                                          :      16 Civ. 1173 (BMC)
            - against -                                   :
                                                          :
WILLIAM LEE, Superintendent,                              :
                                                          :
                          Respondent.                     :
--------------------------------------------------------- X

**COGAN**, District Judge.

     Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction for

first degree robbery, for which he was ultimately sentenced, after a successful appeal of his

initial sentence, to twelve years' imprisonment. His conviction arose from his knife-point

robbery of a gold chain.[1]

     Petitioner's points of error in this habeas corpus proceeding are the same ones he raised

in his post-conviction § 440.10 motion:[2] (1) the trial court violated his right to due process when,

upon receiving a note from the jury requesting certain evidence, it did not handle the note in

---

[1] Respondent's counsel, Anthea H. Bruffee, was less than cooperative in submitting the record on appeal. It was submitted piecemeal, and then only grudgingly, after the Court's clerk had to repeatedly telephone respondent's counsel to call attention to what were clearly missing pieces. In addition, when the Clerk pointed out that the two Appellate Division decisions in the case had not been submitted, Ms. Bruffee advised that the Court could obtain those itself as they were reported decisions. The Court has not had this difficulty previously with any Assistant District Attorney. It is the responsibility of the respondent to submit the complete record in response to the Court's Order to Show Cause and the Court should not have to engage in an exercise in pulling teeth to obtain compliance.

[2] The petition appears to have been adapted from Form AO 241, but petitioner's answer to question 12 from AO 241 ("For the petition, state every ground on which you claim you are being held in violation of the Constitution, laws or treaties of the United States . . . .") only identifies the grounds raised in his § 440 motion, not some others that were raised on direct appeal. To make sure that petitioner intentionally abandoned those grounds in his habeas petition, I issued an Order warning petitioner that I would treat them as abandoned if he did not advise me otherwise. He did not respond to that Order.

accordance with the procedures in New York Criminal Procedure Law § 310.30; (2) the trial court violated his due process rights when, upon being advised by the jury that it was at an impasse, it failed to deliver an <u>Allen</u> charge; and (3) his trial counsel was constitutionally ineffective by (a) not objecting to the trial court's errors described above; and (b) not requesting that the trial court conduct further inquiry of a prospective juror during *voir dire* who did not unequivocally state that he could be fair.[3]

The § 440 court rejected all of these points as procedurally barred because each of them was based on errors or omissions appearing in the record and thus could only be raised on direct appeal: "[B]oth the substantive and ineffective assistance of counsel claims raised by the defendant are on the record and may only be raised by direct appeal." <u>People v. Cosme</u>, Ind. No. 8307/2008, at 2 (N.Y. Sup. Ct., Kings Co., Nov. 19, 2015) (citing CPL § 440.l0(2); <u>People v. Cuadrado</u>, 9 N.Y.3d 362 (2007); <u>People v. Cooks</u>, 67 N.Y.2d 100 (1986); <u>People v. Alexander</u>, 256 A.D.2d 349 (2d Dep't 1998)).

A federal court should not address the merits of a petitioner's habeas claim if a state court has rejected the claim on "a state law ground that is independent of the federal question and adequate to support the judgment." <u>Lee v. Kemna</u>, 534 U.S. 362, 375, 122 S. Ct. 877, 885 (2002) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991)). When a state court rejects a petitioner's claim because he failed to comply with a state procedural rule, the procedural bar may constitute an adequate and independent ground for the state court's decision. <u>See, e.g.</u>, <u>Coleman</u>, 501 U.S. at 729-30, 111 S. Ct. at 2554; <u>Murden v.</u>

---

[3] The record contains two additional, substantially identical §440 motions that raise some different issues and are dated earlier than the §440 motion that forms the subject of petitioner's habeas corpus petition. It is not clear if the first of those was ever filed; the second one was withdrawn by a letter from petitioner. They were never responded to or decided and the grounds they contain are not raised in the petition.

Artuz, 497 F.3d 178 (2d Cir. 2007). State procedural grounds are only adequate to support the judgment and foreclose federal review if they are "firmly established and regularly followed" in the state. Lee, 534 U.S. at 376, 122 S. Ct. at 885 (quoting James v. Kentucky, 466 U.S. 341, 348, 104 S. Ct. 1830, 1835 (1984)). If a state court rejects a specific claim on an adequate and independent state law ground, then a federal court should not review the merits of the claim, even if the state court addressed the merits of the claim in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n. 10, 109 S. Ct. 1038, 1044 n. 10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.") (emphasis in original).

It is firmly ensconced in New York law that issues that are fully exposed by the trial and pretrial record must be raised on direct appeal and cannot be raised in a § 440 motion. As the Second Circuit recently recognized in Fulton v. Graham, 802 F.3d 257, 263 (2d Cir. 2015), "[Criminal Procedure Law s]ection 440.10(2)(c) requires the state court to deny a motion to vacate a judgment when, '[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure [to raise the issue on direct appeal].'" The Circuit observed that "[t]he purpose of this rule is to prevent [Section] 440.10 from being employed as a substitute for direct appeal when [the] defendant was in a position to raise an issue on appeal . . . or could readily have raised it on appeal but failed to do so." Id. (quoting Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003)) (internal quotation marks omitted).

I can find no fault with the trial court's invocation of a procedural bar as to each of the points that petitioner is seeking to raise in the instant petition. The manner in which the trial court dealt with the note from the jury is clearly present in the record; if petitioner thought the trial court committed constitutional error in how it responded, he had to tell that to the Appellate Division on direct appeal, because it needed no more information than to review that portion of the transcript. The same is true of the trial court's failure to deliver an <u>Allen</u> charge. Whether an <u>Allen</u> charge was constitutionally required is an inquiry that has to be determined from the trial transcript, and there is nothing to suggest that there is off-the-record evidence that bears on that question.

Petitioner's claims of ineffective assistance of trial counsel are in the same position. Each error – the failure to object to the note handling; the failure to request an <u>Allen</u> charge; and the failure to ask sufficient questions on *voir dire* – is apparent on the record. Again, there is nothing to suggest that there is any evidence on these points any place but the record. There is thus nothing exorbitant about the § 440 court's rejection of petitioner's claims on procedural grounds.

Once it is determined that a claim is procedurally barred under state procedural rules, a federal court may still review that claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. <u>See</u> <u>Coleman</u>, 501 U.S. at 750, 111 S. Ct. at 2565; <u>Harris</u>, 489 U.S. at 262, 109 S. Ct. at 1043. The latter avenue, a miscarriage of justice, is demonstrated in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent. <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 106 S. Ct. 2639 (1986).

The first avenue, cause for the default and prejudice therefrom, can be demonstrated with "a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by state officials' made compliance impracticable . . . [or that] the procedural default is the result of ineffective assistance of counsel." Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) (citing Murray, 477 U.S. at 488, 106 S. Ct. at 2645). However, if a petitioner relies on ineffective assistance of counsel, that claim must itself have been exhausted in the state court. See Edwards v. Carpenter, 529 U.S. 446, 120 S. Ct. 1587 (2000). To adequately exhaust a claim, a petitioner must have "fairly presented" the claim to the state court. Daye v. Attorney Gen., 696 F.2d 186, 191 (2d Cir. 1982) (en banc).

If there was cause here that might excuse the procedural bar, it was the failure of petitioner's appellate counsel to raise the points on direct appeal that petitioner belatedly asserted in his § 440 motion (which is not to say that such a claim would have any merit). But petitioner never asserted – let alone exhausted – that ineffective counsel claim in state court, and thus it cannot serve to avoid the procedural bar here. Nor is there any suggestion of manifest injustice in the state court submissions or the habeas proceedings here. The points that petitioner raises are technical, strategic points, mostly derived from state law, and there is no suggestion that petitioner is actually innocent of the crimes charged. See Coleman, 501 U.S. at 750, 111 S. Ct. at 2565; Murray v. Carrier, 477 U.S. at 496, 106 S. Ct. 2649.

For these reasons, the petition is denied as procedurally barred and the case dismissed. The Clerk is directed to enter judgment accordingly. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis*

status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-

45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
                                    U.S.D.J.

Dated: Brooklyn, New York
        April 15, 2016